893 P.2d 1297

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware corporation, Petitioner,**

v.

**Hon. Michael A. YARNELL, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,**

**Mary E. Isbell, for and on her behalf as surviving spouse of Richard Levonne Isbell, and for and on behalf of Dennis Isbell, David Isbell, John Isbell, Marsha Isbell and Joseph Isbell, the surviving children of Richard Levonne Isbell, Real Parties in Interest.**

**The STATE OF ARIZONA, acting By and Through the ARIZONA DEPARTMENT OF TRANSPORTATION and the Arizona Corporation Commission, Petitioners,**

v.

**Hon. Michael A. YARNELL, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,**

**Mary E. Isbell, for and on her own behalf as surviving spouse of Richard Levonne Isbell, and for and on behalf of Dennis Isbell, David Isbell, John Isbell, Marsha Isbell and Joseph Isbell, the surviving children of Richard Levonne Isbell, Real Parties in Interest.**

No. CV–93–0106–PR.

Supreme Court of Arizona,
En Banc.

April 27, 1995.

Fennemore Craig, by F. Pendleton Gaines, III and Mark H. Brain, Phoenix, for Southern Pacific Transp. Co.

Campana, Vieh & Strohm, by Donald O. Loeb, Scottsdale, for State of Ariz.

Begam, Lewis, Marks, Wolfe & Dasse, by Elliot G. Wolfe and Cora Perez, Phoenix, for Mary Isbell, et al.

Haralson, Kinerk & Morey, by D. Dale Haralson, Tucson, and The Langerman Law Offices by Amy G. Langerman, Phoenix, amicus curiae for The Arizona Trial Lawyers Ass'n.

## SUPPLEMENTAL OPINION

MARTONE, Justice.

Southern Pacific, joined by the State of Arizona, has filed a motion for reconsideration. One point merits discussion. Southern Pacific argues that our statutory diagram, appearing at page 5 of the slip opinion, is incorrect because it does not make reference to that part of 23 U.S.C. § 409 which refers to other federally funded highway safety improvement projects. For that same reason, Southern Pacific quarrels with our statement that "the documents exempt from discovery and excluded from evidence under § 409 are precisely the documents described and prepared under the authority of §§ 130, 144, and 152, and no others," as appearing at page 9 of the slip opinion.

Our opinion makes it clear that we diagramed § 409 "[i]n relevant part." Slip op. at 5. This is a railroad crossing case. There was no need for us to diagram portions of the statute which had no effect on this case except as it may have been necessary to explain particular portions of the statute. As Isbell's response makes clear, our holding applies to the entirety of § 409, whether we are talking about railroad crossings under 23 U.S.C. § 130(d), (mentioned and relevant), highway bridge replacement programs under 23 U.S.C. § 144(e) (mentioned and noted as "not applicable here"), slip op. at 9, hazardous roads under 23 U.S.C. § 152 (mentioned and not applicable here), or other highway safety programs (not mentioned and not applicable here). Our use of the words "no others," was obviously in the context of the specific three sections then under discussion, but the statute applies to the generic category of "any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds."

For all these reasons, the motions for reconsideration are denied.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.